*For Publication*

**FILED**
MAY -5 2015
KT
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                     Case No. 14-14706-A-7

Steve Noel Geisenheimer,                  JES-1

    Debtor.

_____/

**MEMORANDUM**

What constitutes an effective waiver under section 703.140(a)(2) of the California Code of Civil Procedure? An effective waiver must be a written expression of both the filing and non-filing spouses' intent to forego the right to claim the exemptions in section 704.010 *et seq.* of the California Code of Civil Procedure, and both spouses must evidence an intent to be bound by signing the written waiver or by providing other unequivocal, written expression of assent.

**Facts**

Steve Noel Geisenheimer ("Steve") is married to Doris Dulang Geisenheimer ("Doris"). Acting without an attorney, Steve—but not Doris—filed a chapter 7 bankruptcy petition. His assets include a residence valued at $100,000 that is unencumbered by liens. Steve claimed the residence exempt under section 704.730(a) of the California Code of Civil Procedure in the amount of $100,000. *See* Cal. Civ. Proc. Code § 704.730(a)(2). He re-asserted his claim under section 704.730 in each of two amendments to his claims of exemption.

On the same date that Steve filed his petition, apparently because of his unfamiliarity with his rights under the Bankruptcy Code, Steve also filed a document entitled "Waiver of Right to Claim Exemptions Pursuant to California Code of Civil Procedure [§] 703.140(a)(2)." The document was signed by Doris but not by Steve. In the document, Doris "waive[d], in writing, the right to claim, during the period the case commenced by the filing of the above-referenced debtor's petition is pending, the exemptions provided by the applicable exemption provisions of Chapter 4 of Division 2 of Title 9 of the California Code of Civil Procedure [sic]." Further, Doris "elect[ed] instead to utilize the applicable provisions set forth in subdivision (b) of Section 703.140 of the California Code of Civil Procedure." Doris also "acknowledge[d] that [she was] knowingly and voluntarily waiving certain rights which [she was] not obligated to waive."

Chapter 7 trustee James E. Salven ("Salven") has objected to Steve's claim of homestead exemption under section 704.730. By the objection, Salven seeks to preclude Steve from using the regular exemption scheme, i.e., California Code of Civil Procedure sections 704.010–704.995, that Doris waived and to bind him to the alternative exemption scheme, i.e., California Code of Civil

2

Procedure section 703.140(b). Salven argues that Steve waived his exemption rights by filing Doris's waiver (even though Steve did not actually sign it and thrice asserted his homestead rights under section 704.730 of the California Code of Civil Procedure).

Now represented by counsel, Steve has filed a document purporting to be a rescission of the filed waiver. The document is signed by both Steve and Doris. Opposing Salven's objection, Steve argues that he was unaware of the consequences of such a waiver.

### Jurisdiction

This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding in which this court may enter final orders. *See* 28 U.S.C. § 157(b)(2)(B).

### Discussion

**I.     The Chapter 7 Trustee Bears the Burden of Proof**

As the objecting party, the trustee carries the burden of proof. Fed. R. Bankr. P. 4003(c); *In re Carter*, 182 F.3d 1027, 1029, n.3 (9th Cir. 1999). The trustee must file the objection timely and demonstrate by a preponderance of the evidence that the debtor is not entitled to the exemption claimed. *In re Ford*, 492 F.3d 1148, 1155 (10th Cir. 2007); *In re Nicholson*, 435 B.R. 622, 632–33 (B.A.P. 9th Cir. 2010) (citing *Ford*).

**II.    California Exemption Law Controls**

Chapter 7 bankruptcy is a bargain imposed by law between a debtor and creditors in which the debtor surrenders assets in exchange for a discharge of debts. When a debtor files a bankruptcy petition, an estate is created. 11 U.S.C. § 541(a). As a matter of law, property owned by the debtor on the petition date becomes property of the estate. *Id.* The trustee is under a statutory duty to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). Proceeds remaining after payment of administrative expenses are paid to creditors. 11 U.S.C. § 726(a).

Persons who file chapter 7 bankruptcy may retrieve assets from the estate by claiming them exempt and thus place them beyond the reach of the trustee and creditors. *See* 11 U.S.C. § 522(b)(1).

3

Section 522 allows a debtor either to exempt property under the federal bankruptcy exemptions in 11 U.S.C. § 522(d), unless a state does not so authorize, or to exempt property under state or local law and federal law other than § 522(d). *Id.* § 522(b)(2)–(3)(A), (d).

Subject to certain limitations imposed by the Bankruptcy Code, such as domicile restrictions, *see, e.g.*, 11 U.S.C. § 522(b)(3), California has opted out of the federal exemption scheme and allows resident debtors its own exemptions. Cal. Civ. Proc. Code §§ 703.130 (opt-out provision), 703.140(a). As a consequence, it is California state law, and not federal law, which defines a debtor's right to claim particular exemptions and the amount of those exemptions. *See Law v. Siegel*, 134 S. Ct. 1188, 1196–97 (2014) ("It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption."); *In re Johnson*, 880 F.2d 78, 79 (8th Cir. 1989) (applying Minnesota law); *In re Canino*, 185 B.R. 584, 590 (B.A.P. 9th Cir. 1995) ("substantive issues regarding claimed exemptions are governed by California law").

California offers resident bankrupts a choice from two different, mutually exclusive exemption schemes. Under California law, debtors may elect either the set of special exemptions under section 703.140(b) available only to debtors in bankruptcy ("special bankruptcy exemptions") or the set of regular exemptions under sections 704.010–704.995 of the California Code of Civil Procedure available to judgment debtors generally outside of bankruptcy ("regular exemptions"). *See* Cal. Civ. Proc. Code § 703.140(a). But they may not elect both. *See* Cal. Civ. Proc. Code § 703.140(a)(1)–(3); *Farrar v. McKown (In re McKown)*, 203 F.3d 1188, 1189 (9th Cir. 2000). The regular exemptions are characterized by a generous homestead exemption but by austere exemptions for other assets. In contrast, the special bankruptcy exemptions apply only to debtors who file for bankruptcy under Title 11 of the U.S. Code, *see* Cal. Civ. Proc. Code § 703.140(a), and provide a small homestead exemption but offer a handsome wildcard exemption that may be used to protect any asset, *see* Cal. Civ. Proc. Code § 703.140(b)(1), (5).

Like unmarried debtors, married debtors may not use exemptions from the two alternative exemption schemes at the same time. *See id.* § 703.140(a); *Flinn v. Morris (In re Steward)*, 227 B.R. 895, 899 (B.A.P. 9th Cir. 1998). This rule applies regardless of whether the married debtors are joined in the petition. *See* Cal. Civ. Proc. Code § 703.140(a)(1)–(2); *see also* Cal. Civ. Proc. Code § 703.110(a). A married debtor who files a bankruptcy petition that is not joined by the debtor's spouse is deemed to elect the regular exemptions applicable by default. Such a debtor may not claim the special bankruptcy exemptions of section 703.140(b) unless both spouses effectively waive in writing the right to claim, during the pendency of the debtor's bankruptcy case, the regular exemptions in any bankruptcy case involving either of them. *Id.* § 703.140(a)(2).

### III. Effective Waivers

Waiver is "the intentional relinquishment of a known right after knowledge of the facts." *Roesch v. De Mota*, 24 Cal. 2d 563, 572 (1944). "The pivotal issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right." *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 60 (1994). The party asserting waiver must make a "clear showing" that the party against whom waiver is asserted intended to give up that right. *Pacific Valley Bank v. Schwenke*, 189 Cal. App. 3d 134, 145 (1987).

The waiver that allows a married bankrupt filing solo to claim the special bankruptcy exemptions is governed by section 703.140(a)(2) of the California Code of Civil Procedure, which provides:

> If the petition is filed individually, and not jointly, for a husband or a wife, the [regular] exemptions . . . are applicable, except that, if both the husband and the wife effectively waive in writing the right to claim, during the period the case commenced by filing the petition is pending, the [regular] exemptions . . . in any case commenced by filing a petition for either of them under Title 11 of the United States Code, then they may elect to instead utilize the [special bankruptcy exemptions].

No known case addresses the minimum requirements for an effective section 703.140(a)(2) waiver. But the statutory waiver provision specifies three requirements: (1) both the bankruptcy debtor and the non-

5

filing spouse must waive the right to claim the regular exemptions; (2) both waivers must be effective; and (3) the waiver must arise from a written instrument.

In this case, the doctrine of waiver does not bar Steve from using the regular exemptions. Steve's actions have not manifested a choice to elect the special bankruptcy exemptions. His schedules never asserted those exemptions, and he did not execute the requisite waiver of the right to claim the regular bankruptcy exemptions.

Doris's waiver was ineffective to constitute a choice by Steve of the special bankruptcy exemptions. First, the writing upon which Salven relies contains no express words that evidence an intent by Steve to forego the regular exemptions applicable by default. It is drafted to reflect Doris's statements, made in the first-person singular, from which the court can infer nothing about Steve's intent. Steve's act of filing the document is not an action satisfying the statutory requirement of a writing and is ambiguous regarding his intent.

As a result, the doctrine of waiver does not apply to bar Steve from using the regular exemptions applicable by default. The doctrine cannot be applied to bind a party to a waiver that the party never made. Steve never claimed the special bankruptcy exemptions. Nor did he waive the regular bankruptcy exemptions. He cannot be bound by a waiver he did not make.

### Conclusion

For each of these reasons, Salven's objection will be overruled. A separate order will issue.

Dated: May 5, 2015

_____
Fredrick E. Clement
United States Bankruptcy Judge

6

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721. On May 5, 2015, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Peter B. Bunting, Esq.
2501 W. Shaw Ave., #119
Fresno, CA 93711

James Edward Salven
P. O. Box 25970
Fresno, CA 93729

Oscar R. Swinton, Esq.
20501 Ventura Blvd., Suite 345
Woodland Hills, CA 91364

Rosalina Nunez, Esq.
516 W. Shaw Ave., Ste. 200
Fresno, CA 93704

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on May 5, 2015, at Fresno, California.

_____
Kathy Torres, PLS